**WO**                                                                                                          JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Monroe, ) | No. CV 05-3439-PHX-NVW (VAM) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| San Carlos Police Department, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, currently confined in the Towers Jail in Phoenix, Arizona, has filed a *pro se* Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983. The Court will dismiss the action.

**A.     Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release.

1 **B.     Statutory Screening of Prisoner Complaints.**

2       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130. Plaintiff's Complaint will be dismissed *without* leave to amend because the defects cannot be corrected

**C.     Complaint.**

       Plaintiff sues the San Carlos Police Department, and three members of the San Carlos Police Department: Mitchell Hoffman; Dan Fred; and Ferrell Goode. In Count I, Plaintiff alleges that the Scottsdale Police Department put a mind-reader on Plaintiff following the murder of a woman. Plaintiff contends that he has been questioned and interrogated for seven months about this murder.

       In Count II, Plaintiff asserts that the mind-reader caused Plaintiff to "flip-out" on the guards. Plaintiff alleges that he felt like he had been sexually assaulted and went to the infirmary. Plaintiff states that he broke some windows, was shot at with ray guns, and was instructed to go to a certain location. Plaintiff further alleges that he has been used as bait with the aid of the mind-reader.

       In Count III, Plaintiff contends his right to privacy was violated because someone, referred to only as "they," is in his head. As a result, Plaintiff is suffering emotional and

1  psychological distress.  For relief, Plaintiff requests that the mind-reader be taken off him,
2  that he be awarded 47 million dollars for emotional and psychological distress, and that he
3  be awarded 49 million dollars in punitive damages to prevent the future use of the mind-
4  reader device.

**C.     Failure to State a Claim.**

When reviewing under the standard for failure to state a claim, the Court must accept all allegations of material fact as true and construe them in the light most favorable to the prisoner. Hearns v. Terhune, 413 F.3d 1036 (9th Cir. 2005). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." Fontana v. Haskin, 262 F.3d 871,876-77 (9th Cir. 2001). The factual allegations must be sufficient to raise at least an inference regarding the elements of the claim. Hearns, 413 F.3d at 1041-42. A frivolous claim is one which has no basis in fact or law. See Neitzke v. Williams, 490 U.S. 319 (1989); Jackson v. State of Arizona, 885 F.2d 639 (9th Cir. 1989).

In his Complaint, Plaintiff's allegations include the following: (1) "[t]he 2nd time what felt like someone's finger was inserted into my anus and I was told to picture a homosexual," (2) "[t]here have been whole gangs eliminated and I been used as bait with the aid of the mind reader," (3) "I was sexually assaulted through the mind reader," and (4) "they are in my head and as such are privy to all basic body functions as well as all my thoughts and emotions." Even when construing such allegations in the light most favorable Plaintiff, these claims have no basis in fact or law. Moreover, Plaintiff has failed to connect his claims to any of the named Defendants. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976) (to state a § 1983 claim, a plaintiff must allege that he suffered specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and that conduct). Finally, Plaintiff requests 47 million dollars in compensatory damages and 49 million dollars in punitive damages. The amount of monetary damages requested by a prisoner proceeding *in forma pauperis* is relevant to the frivolity determination. Nagy v. FMC Butner, 376 F.3d 252,

257 (4th Cir. 2005). For the foregoing reasons, Plaintiff's Complaint will be dismissed with prejudice on the grounds that it is frivolous.

**IT IS THEREFORE ORDERED that:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1915(a)(1).

(2)  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed no initial partial filing fee. All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) The Complaint and this action are dismissed on the grounds that it is frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and the Clerk of Court shall enter judgment accordingly.

(4)  The Clerk of Court shall make an entry on the docket in this matter indicating that the dismissal on the grounds that it is frivolous falls within the purview of 28 U.S.C. § 1915(g).

DATED this 16th day of November, 2005.

_____
Neil V. Wake
United States District Judge